## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AFGD, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| TRI-STAR GLASS, INC., | ) | 05-CV-300-TCK-PJC |
| KELLY RANSOM, and | ) | |
| PAUL SULLIVAN, and | ) | |
| JOHN D. WILLIAMS, and | ) | |
| LORA CLOYD, and | ) | |
| BLAKE NEAFUS, and | ) | |
| KEVIN LIVINGSTON, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court is Plaintiff AFGD, Inc.'s Motion For Substitution of, or in the Alternative Addition of, POMA Glass and Specialty Windows, Inc. as Plaintiff Pursuant to Fed. R. Civ. P. 25(c) (Docket No. 59).

### Factual Background

Plaintiff AFGD, Inc. ("AFGD") alleges that Defendants are misappropriating its trade secrets, namely its pricing and bidding structures and customer lists. Six of Plaintiff's former sales employees ("Employee Defendants") have left to work for Defendant Tri-Star Glass, Inc. ("Tri-Star") since May 7, 2005 (collectively "Defendants"). AFGD maintains that the Employee Defendants wrongfully took price information contained in its customer data sheets and that the Employee Defendants are now using this information to benefit Tri-Star, their new employer.

On May 31, 2005, AFGD moved for a temporary restraining order ("TRO") that would have enjoined Defendants under the Oklahoma Uniform Trade Secrets Act, OKLA. STAT. tit. 78, §§ 85-95 ("Trade Secrets Act") from the following activities: (1) having any communications with any former employee of AFGD concerning its trade secrets; (2) soliciting business from any of AFGD's customers who worked with its former employees now employed by Tri-star for nine (9) months; (3) using any of its trade secrets and order the return of any documents belonging to AFGD; and (4) conducting business with any of AFGD's customers for nine (9) months.

On June 6, 2005, the Court held an evidentiary hearing on AFGD's Motion for TRO. On June 7, 2005, the Court entered an Order denying the Motion for TRO, finding that AFGD was unlikely to succeed on the merits of its trade secret claim and that AFGD failed to make a showing of irreparable harm. Specifically, the Court found that although AFGD made a showing that its pricing structures were confidential, it made no showing that Defendants were misappropriating any of Plaintiff's confidential information.[1] Further, the Court found that AFGD's evidence showed nothing more than a mere suspicion that Defendants would use AFGD's confidential price structures to compete with it in the bidding process. (*See* 6/7/05 Order at 7-8.)

At the evidentiary hearing, evidence was presented that the Employee Defendants had been receiving their paychecks from AFG Industries, Inc. ("AFG"), rather than AFGD, for the year preceding their termination. In its Order denying the Motion for TRO, the Court stated in a footnote that it was "not able at this time to determine the proper party plaintiff to this suit, but finds that

---

[1] The Court found that Plaintiff's customer lists did not qualify as trade secrets under Oklahoma law. (*See* 6/7/05 Order at 6.)

2

Defendant's argument as to this issue may be meritorious." The Court, however, did not make any determinations as to this issue.

On June 15, 2005, after the evidentiary hearing, AFGD merged with POMA Glass and Specialty Windows, Inc. ("POMA"). Pursuant to the terms of the Agreement and Plan of Merger (the "Agreement"), POMA agreed to assume all assets, liabilities, and claims of AFGD. (*See* Plf.'s Mot. for Substitution, Ex. A, ¶ 3(b).) Also incident to the Agreement, AFGD was dissolved as of June 30, 2005, and is no longer a viable legal entity. *Id.*

## Motion for Substitution

On December 2, 2005, AFGD moved to substitute POMA for AFGD as the plaintiff in the lawsuit pursuant to Federal Rule of Civil Procedure 25(c), which provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). "Substitution of a successor in interest or its joinder as an additional party under Rule 25(c) is generally within the sound discretion of the trial court." *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978). "Underlying the rule is the desire to preserve the adjudication for the real party in interest in the matter." *McMoran Oil & Gas Co. v. KN Energy, Inc.*, 907 F.2d 1022, 1025 (10th Cir. 1990), *rev'd on other grounds*, 498 U.S. 426 (1991).

The primary objection raised by Defendants is that AFG, and not AFGD, is the proper plaintiff to the lawsuit because the name AFG appears at the top of the Employee Defendants' pay stubs. Therefore, Defendant contends the Court would merely be allowing one improper party (POMA) to be unnecessarily added or substituted for another improper party (AFGD). Plaintiff

argues that the mere presence of the name AFG at the top of the Employee Defendants' pay stubs does not end the inquiry as to the identity of the employer. Instead, Plaintiff contends that, under Oklahoma law, the "right of the employer to direct or control the work is the decisive test and not the mode of payment of the wages." *Parkhill Truck Co. v. Brewer*, 354 P.2d 774, 776 (Okla. 1960). Plaintiff also argues that several factors must be considered in reaching a determination as to the identity of one's employer. As explained above, the Court has not ruled on this issue. Nor does the Court find it necessary to rule on the issue at this time. AFGD has made a sufficient showing that AFGD may be the proper party plaintiff under Oklahoma law. In such situation, the Court finds no legal reason to reject Plaintiff's election to substitute AFGD's successor as the plaintiff. Allowing substitution of POMA for AFGD would have no substantive effect on Defendants' potential argument that AFGD and/or its successor is not the proper plaintiff in the case.

Defendants also argue that the request for substitution was made five months after the merger occurred. However, Defendants have not shown that allowing substitution will result in prejudice, undue delay, inconvenience to the parties, or waste of judicial resources. Nor has Defendant shown that substitution is being sought for any improper tactical purpose. In this situation, the Court concludes that Plaintiff's election should control and therefore exercises its discretion to substitute POMA for AFGD as the plaintiff in this case.

It is therefore ORDERED that Plaintiff AFGD, Inc.'s Motion For Substitution of, or in the Alternative Addition of, POMA Glass and Specialty Windows, Inc. as Plaintiff Pursuant to Fed. R. Civ. P. 25(c) is hereby GRANTED. All pleadings currently before the Court shall be construed as being filed by or against POMA, rather than AFGD. If and to the extent any further


relief or amendments are necessary as a result of this Order, the parties shall move for such relief no later than March 10, 2006.

**Dated this 27th day of February 2006.**

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**